UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 25-mj-144 |
| ALVIN SUMMERS | : | |

**OPPOSITION TO DISMISSING WITHOUT PREJUDICE
AND REQUEST FOR DISMISSAL WITH PREJUDICE**

On August 15, 2025, a United States Park Police Officer with the assistance of members of the National Guard, arrested Alvin Summers. On August 16, 2025, the government filed a complaint charging Mr. Summers with one count of assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). Mr. Summers was brought before the Court for an initial appearance on August 18, 2025, and without objection from the government, the court released Mr. Summers on conditions. On August 21, 2025, the Court notified undersigned counsel that the court had learned earlier that day, pursuant to Federal Rule of Crim Procedure 6(f), that the grand jury returned a no bill. On August 27, 2025, the government notified counsel that no additional presentations were made to the grand jury and subsequently filed a motion to dismiss without prejudice.

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice. *Poindexter*, 719 F. Supp. at 10.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. The Court should consider whether a dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)).

Given the grand jury's decision, Mr. Summers should not be forced to live under the threat of later charges and rearrest. The charges against Mr. Summers were based on an allegation made by one officer who was wearing a body-worn camera. That officer's testimony was rejected by the grand jury, presumably after reviewing the body-worn camera video. Allowing the government the possibility of re-bringing charges under these circumstances is prejudicial and unwarranted. Dismissal without prejudice would not be in the public interest. *Cf. United States v. Brandon Lee*, No. 19-cr-140 (TJK), Min. Order (12/18/2019) (quoting *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011)) (government failed to meet burden to demonstrate dismissal without prejudice would be in the public interest).

WHEREFORE, for the foregoing reasons, the Court should dismiss the complaint with prejudice.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

3